**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v.                                                                    CASE NO: 8:91-cr-172-T-26MAP

ANTHONY TERRY JONES, #03407-018
                                                                /

**O R D E R**

On March 10, 2008, this Court entered a *sua sponte* order (1) appointing counsel for Defendant, (2) directing the United States Probation Office to provide a supplemental presentence report addressing the issues of whether Defendant is eligible and suitable for a sentence reduction pursuant to the provisions of Amendments 706 and 711 and United States Sentencing Guideline § 1B1.10, and (3) directing Defendant's counsel and Government counsel to file a response to the report in the event they could not agree upon an appropriate disposition of the matter. See docket 165. The Court now has the benefit of the report and counsels' responses. See dockets 175 and 182.

After careful review, the Court concludes that Defendant is not eligible for a sentence reduction for the reasons stated in the report and argued by the Government in its response. That is, because Defendant was properly classified as an armed career offender, see original Presentence Report at paragraph 44, Amendment 706, even had it been in effect at the time of Defendant's original sentencing, would not have lowered his

applicable sentencing guideline range. See United States v. Moore, ___ F.3d. ___, 2008 WL 4093400 (11th Cir. 2008); United States v. Thomas, 524 F.3d 889 (8th Cir. 2008); United States v. Tingle, 524 F.3d 839 (8th Cir. 2008); United States v. Gray, 2008 WL 895012 (4th Cir. 2008) (unpublished opinion); United States v. Bronson, 2008 WL 539796 (4th Cir. 2008) (unpublished opinion); see also United States v. Oliver, appellate case number 08-11140-E (11th Cir. May 22, 2008) (order denying motion for leave to appeal *in forma pauperis* stating that "[b]ecause appellant's sentencing guideline range was based on his career offender designation under § 4B1.1, he did not meet the eligibility requirements for a reduction of his sentence under § 3582(c)(2).").[1]

Defendant attempts to overcome his ineligibility by contending that his original sentence, when viewed through the prism of two recently decided cases, United States v. Whitley, 529 F.3d 150 (2nd Cir. 2008), and United States v. Archer, 531 F.3d 1347 (11th Cir. 2008), renders that sentence invalid. He also argues that the armed career criminal enhancement was not correctly applied to him because the Government never specifically identified the three qualifying offenses.

What Defendant overlooks in advancing these arguments is well-settled Eleventh Circuit precedent that a proceeding under § 3582(c) only provides a district court with the discretion to reduce a sentence following the lowering of a sentencing range by the Sentencing Commission and does not permit the court to engage in a *de novo* sentencing proceeding. See United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005) (and

---

[1] This order is found at docket 47 of United States v. Oliver, case number 8:04-cr-227-T-26MAP.

cases cited).  As the Eleventh Circuit again emphasized in Moreno, in reliance on United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000), "[A] sentencing adjustment undertaken pursuant to Section 3582(c) does not constitute a de novo sentencing[,]" and that "[A]ll original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." Id.; cf. United States v. White, 251 Fed.Appx. 658, 659 (11th Cir. 2007) (determining that because *Apprendi* had not been decided when defendant was originally sentenced and because *Apprendi* is not retroactively applicable to sentences on collateral review, district court, in granting Government's motion for reduction of sentence under Rule 35(b) of the Federal Rules of Criminal Procedure, did not err is using defendant's original sentence as a starting point from which to reduce his sentence for substantial assistance).

**DONE AND ORDERED** at Tampa, Florida, on September 18, 2008.

                                                     s/*Richard A. Lazzara*
                                                   **RICHARD A. LAZZARA**
                                                   **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record
Defendant